## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

**DAVID CLINEBELL,**

    **Plaintiff,**

**v.**                              **Case No.**  5:17-cv-03757

**NATIONAL GENERAL ASSURANCE COMPANY and INTEGON CASUALTY INSURANCE COMPANY,**

    **Defendants.**

### NOTICE OF REMOVAL BY DEFENDANTS

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 28 U.S.C. § 1441 and § 1446, Defendants National General Assurance Company ("National General") and Integon Casualty Insurance Company ("Integon") hereby remove this action, which is now pending in the Circuit Court of Greenbrier County, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division. As will be shown below, this Court has original jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332 (a), because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. In support of this removal, Defendants National General and Integon state as follows:

### I. VENUE

Plaintiff David Clinebell filed this action in the Circuit Court of Greenbrier County, West Virginia, Civil Action Number 17-C-123 (D). Since the case was filed in Greenbrier County, this Court is the appropriate venue for removal.

## II.  TIMELINESS OF NOTICE OF REMOVAL

Plaintiff served Defendant Integon on July 6, 2017, and Defendant National General on July 10, 2017.  Pursuant to the second paragraph of 28 U.S.C. § 1446(b), this Notice of Removal is being filed less than 30 days after receipt of service of process (as defined by Rule 6 of the Federal Rules of Civil Procedure), and less than 1 year after the commencement of the action.  This Notice of Removal is therefore timely.

## III.  DIVERSITY OF CITIZENSHIP

According to the Complaint, Plaintiff David Clinebell is a resident of the State of West Virginia.  Defendant National General is a Missouri corporation with its principal place of business in North Carolina.  Defendant Integon is a North Carolina corporation with its principal place of business in North Carolina.  Therefore, complete diversity exists among the parties.

## IV.  AMOUNT IN CONTROVERSY

In his Complaint, Plaintiff seeks both compensatory and punitive damages against Defendants National General and Integon.  Although Plaintiff has pled no specific damage amount in his Complaint, the amount in controversy in this action exceeds $75,000.00 due to this fact:  If Plaintiff were to win this lawsuit, and receive all of the compensatory damages and punitive damages he seeks from the defendants, the total amount of the damages would far exceed $75,000.00.

Plaintiff is suing National General and Integon for alleged breach of an insurance contract and alleged violations of the West Virginia Unfair Trade Practices Act, West Virginia Code § 33-11-4, *et seq.* ("UTPA"). Plaintiff's vehicle was damaged in a flood, so he presented a property damage claim to National General, his auto insurance carrier.  The parties have no dispute regarding the presence of property insurance coverage regarding the loss in question;

there is only a dispute regarding the amount to be paid for the loss.  Based on that dispute, Plaintiff has sued the defendants for alleged common law bad faith and alleged UTPA violations.

Plaintiff has refused to accept partial payments from National General regarding his property loss claim.  As a result, no claim payments have been made.  Plaintiff has estimated the amount of his property loss as being in the amount of $46,000.00.  At a minimum, Plaintiff seeks to recover that amount in this lawsuit in satisfaction of his property loss claim.  Therefore, as a starting place for computing the amount in controversy, the insurance policy benefit that Plaintiff seeks in this lawsuit is $46,000.00.

In addition to the $46,000.00 insurance policy benefit at issue, Plaintiff also seeks compensatory damages and punitive damages against the defendants.  According to Syllabus Point 1 of Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E. 2d 73 (W. Va. 1986), the types of compensatory damages at issue in a dispute over the payment of property insurance proceeds include net economic loss, aggravation and inconvenience.  Seeking such compensatory damages increases the amount in controversy in this matter beyond the $46,000.00 insurance policy benefit at issue.  The fact that Plaintiff also seeks punitive damages increases the amount in controversy even more, such that the amount in controversy in this matter clearly exceeds $75,000.00.

Judge Hallanan of the United States District Court for the Southern District of West Virginia dealt with a similar "amount in controversy" question in Weddington v. Ford Motor Credit Company, 59 F. Supp. 2d 578 (S.D. W. Va. 1999).  In that case, Plaintiff had sued an automobile financing company.  The complaint did not contain any specific amount in the ad damnum clause.  The only firm amount in controversy that could be gleaned from the case file was $16,000.00, the value of rescission of the contract in question.  However, because Plaintiff was also requesting compensatory damages for mental anxiety, suffering, annoyance,

3

aggravation, inconvenience and humiliation, as well as punitive damages, Judge Hallanan found that the amount in controversy would likely be above $75,000.00, the jurisdictional limit.

In Cline v. Matney, 20 F. Supp. 2d 977 (S.D. W. Va. 1998), Judge Haden reached the same conclusion regarding a lawsuit against a tortfeasor and his insurance company. The complaint alleged that the tortfeasor had caused personal injury to the plaintiff, and that the tortfeasor's insurance company had violated the Unfair Trade Practices Act, West Virginia Code § 33-11-4, *et seq.* in its dealings with plaintiff. While the complaint did not contain a request for any specific dollar figure, it requested both compensatory and punitive damages. Judge Haden found that, with medical bills over $30,000.00, and a request for punitive damages, the amount in controversy would likely be above $75,000.00.

A request for punitive damages dramatically increases the likelihood that the amount in controversy in a case will exceed $75,000.00. According to Judge Haden, "[a] request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery. . . [a] good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." Hicks v. Herbert, 122 F. Supp. 2d 699, 701 (S.D. W.Va. 2000).

In this matter, with the combination of claimed policy proceeds of $46,000.00, non-economic damages for aggravation and inconvenience, and a request for punitive damages, the amount in controversy is certain to exceed $75,000.00. This Court has original jurisdiction, and this matter is properly removed to federal court.

## V.  CONSENT OF ALL DEFENDANTS TO REMOVAL

All defendants join in this notice of removal.

**NATIONAL GENERAL ASSURANCE COMPANY**

**and**

**INTEGON CASUALTY INSURANCE COMPANY**

**BY:  SPILMAN THOMAS & BATTLE, PLLC**


*/s/ Don C.A. Parker*
Don C.A. Parker (WV Bar No. 7766)
300 Kanawha Boulevard, East (ZIP 25301)
P.O. Box 273
Charleston, West Virginia 25321-0273
304.340.3800 / 304.340.3801 (*facsimile*)
dparker@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

**DAVID CLINEBELL,**

     **Plaintiff,**

**v.**                                      **Case No.**  5:17-cv-03757

**NATIONAL GENERAL ASSURANCE
COMPANY and INTEGON CASUALTY
INSURANCE COMPANY,**

     **Defendants.**

## CERTIFICATE OF SERVICE

     I, Don C. A. Parker, hereby certify that service of the foregoing **Notice of Removal by Defendants** has been made upon the parties of record by placing a true copy thereof in an envelope deposited in the regular course of the United States Mail, with postage prepaid, on this 4th day of August, 2017, addressed as follows:

     Jeffrey V. Mehalic, Esq.
     Law Offices of Jeffrey V. Mehalic
     346 Patteson Drive, No. 228
     Morgantown, WV  26505-3202
          *Counsel for Plaintiff*

                                    */s/ Don C.A. Parker*
                                    Don C. A. Parker (WV State Bar # 7766)